OPINION
Defendant-appellant William Morgan appeals the April 15, 1999, Judgment Entry, filed at 4:16 P.M., of the Stark County Court of Common Pleas, Family Court Division, granting plaintiff-appellant's Motion for Relief from Judgment, pursuant to Civ.R. 60(B). Plaintiff-appellee is Patricia Morgan.
 STATEMENT OF CASE AND FACTS
The Plaintiff-appellee, Patricia Morgan, filed a Complaint for Divorce in the Stark County Court of Common Pleas, Family Court Division, seeking a divorce from defendant-appellant, William Morgan. A trial was set for November 17, 1998. On the day of trial, the parties advised the trial court that they had arrived at a settlement of all matters in dispute. The settlement agreement was read into the record. The trial court proceeded to hear the matter as an uncontested divorce. On November 18, 1998, the trial court filed a Judgment Entry which found that the parties had negotiated a settlement and that the settlement had been read and acknowledged on the record. The Judgment Entry granted the divorce and approved and adopted the agreement of the parties. The Judgment Entry further ordered that counsel for defendant-appellee prepare and file a decree which incorporated the agreement of the parties within fourteen days. However, on December 16, 1998, prior to filing the Judgment Entry incorporating the parties' agreement, plaintiff-appellee filed a "Motion to Set Aside Agreed Judgment Entry." In the Motion, plaintiff-appellee claimed that there was newly discovered evidence that defendant-appellant had defrauded plaintiff-appellee and moved the court to set aside the agreement of the parties which had been read into the record. No supporting memorandum, affidavits or other evidentiary materials were filed with the Motion. On December 21, 1998, the final Judgment Entry — Decree of Divorce, was filed setting forth the settlement agreement previously read into the record. The Judgment Entry was signed by the trial court, defendant-appellant and defendant-appellant's counsel. The Judgment Entry reflected that it had been "submitted but not approved" by plaintiff-appellee and her counsel. Subsequently, on January 19, 1999, plaintiff-appellee filed a Motion for Relief from Judgment, pursuant to Civ.R. 60(B). This Motion claimed that the defendant-appellant had perpetrated fraud upon plaintiff-appellee and the trial court. Again, no supporting memorandum, affidavit, operative facts or other evidentiary material was provided to the trial court. A hearing on the Motion for Relief from Judgment was held on March 8, 1999. The trial court heard arguments by counsel but no evidentiary materials were admitted at the hearing. The matter was taken under advisement by the trial court. On April 15, 1999, at 11:11 A.M., the trial court, The Honorable Judge David E. Stucki, filed a Judgment Entry whereby, on the court's own motion, the case was transferred to another judge, the Honorable Jim D. James. Subsequently, at 4:16 P.M. on April 15, 1999, Judge Stucki filed a Judgment Entry which granted plaintiff-appellee's Motion for Relief from Judgment and vacated the prior December 21, 1998, Judgment Entry. Judge Stucki recused himself from further proceedings in the case for the reason that his impartiality, from that point forward, might reasonablely by questioned. Lastly, Judge Stucki set the matter for trial before a Magistrate on June 16, 1999. It is from the April 15, 1999, 4:16 P.M. Judgment Entry that defendant-appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT JUDGE COMMITTED AN ERROR OF LAW AND ABUSED HIS DISCRETION IN ISSUING THE APRIL 15, 1999, JUDGMENT FILED AT 4:16 P.M. WHICH GRANTED THE APPELLEE'S RULE 60(B) MOTION WHERE: A) THE TRIAL COURT JUDGE HAD ON APRIL 15, 1999, AT 11:11 A.M. TRANSFERRED THE CASE TO THE COURT OF JUDGE JAMES, AND B) THE TRIAL COURT JUDGE IN THE JUDGMENT FILED APRIL 15, 1999, AT 4:16 P.M. RECUSED HIMSELF FROM "FURTHER PROCEEDINGS FOR THE REASON THAT THE COURT'S IMPARTIALITY FROM THIS POINT FORWARD MIGHT REASONABLY BE QUESTIONED.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING THE APRIL 15, 1999, JUDGMENT FILED AT 4:16 P.M. WHICH GRANTED THE APPELLEE'S RULE 60(B) MOTION WHERE THE APPELLEE FAILED TO ALLEGE IN THE MOTION OPERATIVE FACTS NECESSARY TO SUSTAIN A VACATION OF THE JUDGMENT AND WHERE THE APPELLEE FAILED TO PROVIDE THE COURT WITH FACTUAL INFORMATION OF A QUALITY TO MEET EVIDENTIARY STANDARDS IN SUPPORT OF THE MOTION.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING THE APRIL 15, 1999, JUDGMENT FILED AT 4:16 P.M. WHICH GRANTED THE APPELLEE'S RULE 60(B) MOTION WHERE THE APPELLEE FAILED TO ESTABLISH THAT THE APPELLEE HAD A MERITORIOUS DEFENSE OR CLAIM TO PRESENT IF RELIEF IS GRANTED.
 I
In his first assignment of error, appellant argues that the trial court committed error of law and abused its discretion in issuing the April 15, 1999, Judgment Entry at 4:16 P.M., granting appellee's Motion for Relief from Judgment, when the case had been transferred to another Judge of the same division earlier that day. In the same 4:16 P.M. Judgment Entry, the Judge recused himself for the reason that the court's impartiality "might be reasonably questioned" from that point forward. We find that upon transfer of the case to another judge, the judge to which the case had been originally assigned was without authority to act upon the Motion for Relief of Judgment. The judge assigned to a case is primarily responsible for the determination of every issue and proceeding in a case until its termination. Sup. R. 36(B)(1). With the exception of circumstances whereby the assigned judge is unavailable, any judge to which the case is not assigned has no authority to act. Berger v. Berger (1981), 3 Ohio App.3d 125,443 N.E.2d 1375, para. 3 of syllabus. We find that Judge James became the assigned judge on the case sub judice upon transfer of the case to Judge James by Judge Stucki. Therefore, Judge Stucki no longer had the authority to make a ruling in the case. Appellant's first assignment of error is sustained.
 II, III
Since the first assignment of error is sustained, the court finds that appellant's assignments of error II and III to be moot.
Based on the foregoing, the April 15, 1999, Judgment of the Stark County Court of Common Pleas, Family Court Division, is vacated and this matter is remanded to the trial court for proceedings consistent with this opinion.
GWIN, P.J. and HOFFMAN, J. concurs